11-3198-ag
Bao v. Holder

BIA
Nelson, IJ
A087 441 645

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of June, two thousand twelve.

PRESENT:
>           GUIDO CALABRESI,
>           REENA RAGGI,
>           DEBRA ANN LIVINGSTON,
>                *Circuit Judges.*

———————————————————————————

JINNENG BAO,
>       *Petitioner,*

>       v.                                              11-3198-ag
>                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

———————————————————————————

FOR PETITIONER:            Eric Y. Zheng, New York, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney
                           General; Mary Jane Candaux,
                           Assistant Director; Nicole J.
                           Thomas-Dorris, Trial Attorney,
                           Office of Immigration Litigation,
                           Civil Division, United States
                           Department of Justice, Washington,
                           D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, in part, and GRANTED, in part.

Petitioner Jinneng Bao, a native and citizen of the People's Republic of China, seeks review of a July 15, 2011, order of the BIA denying Bao's motions to remand and affirming the June 9, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson denying Bao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jinneng Bao*, No. A087 441 645 (B.I.A. July 15, 2011), *aff'g* No. A087 441 645 (Immig. Ct. N.Y. City June 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156-57 (2d Cir. 2005).

2

The IJ concluded that Bao did not establish his eligibility for relief because his testimony was not credible and he did not provide sufficient corroborating evidence. Bao does not challenge the agency's finding that he failed to provide sufficient corroboration.

Bao now argues that the IJ's adverse credibility determination was not supported by the totality of the circumstances because the IJ did not consider whether a medical certificate and photographs, indicating that he was beaten, rehabilitated his testimony. *Cf. Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (explaining that an applicant's corroborating evidence may rehabilitate otherwise questionable testimony). However, petitioners must raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dept of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Because Bao failed to raise his argument that the IJ failed to consider the medical certificate and photographs in his appeal to the BIA, he did not exhaust the issue, and we decline to address it in the first instance. *Id.*

Accordingly, we detect no error in the agency's denial of asylum, withholding of removal, and CAT relief.

While his appeal was pending before the BIA, Bao filed three motions to remand with the BIA. His first motion requested that the BIA remand for the IJ to consider corroborating evidence that he did not submit during his merits hearing on the advice of his trial counsel. To prevail on an ineffective assistance of counsel claim, an individual must comply with the procedures laid out by the BIA in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005). Bao asserts that he was excused from complying with *Lozada* because his former trial counsel died before he filed his motion. Yet, even if the attorney's death excused Bao from certain of *Lozada*'s requirements, it did not excuse him from submitting an affidavit setting forth his agreement with his attorney, and alleging how the attorney violated that agreement. *See id.* Because Bao did not file such an affidavit, the BIA did not abuse its discretion in denying his first motion to remand based on his failure "substantially" to comply with *Lozada*. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005).

4

Bao's second and third motions to remand were based on his conversion to Christianity and China's persecution of Christians. The BIA's decision appears to have faulted Bao for failing to demonstrate a change in conditions in China. If the BIA required Bao to establish such a change, it did so in error, because Bao's motion was a motion to remand, not an untimely motion to reopen in the circumstances of which a petitioner is required to meet the changed country conditions exception to the time and number limits on motions to reopen. *Cf. Yuen Jin v. Mukasey*, 538 F.3d 143, 152-56 (2d Cir. 2008) (discussing the changed country conditions exception to the time and number limits on motions to reopen).

The BIA also did not consider whether Bao had established a *prima facie* claim for relief based on a pattern or practice of persecution of Christians in China that would warrant remand. An applicant can demonstrate that he faces persecution "in one of two ways: first, by offering evidence that [he] would be singled out individually for persecution; and second, by proving the existence of a pattern or practice in [his] country of nationality of persecution of a group of persons similarly

5

situated to [him] and establishing [his] own inclusion in, and identification with, such a group." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008) (quotations and alterations omitted).

As the BIA noted, Bao did not present any evidence demonstrating that the authorities in China were likely to become aware of his conversion and single him out individually for persecution. *See id.* However, the BIA did not address whether Bao's evidence of the persecution of Christians presented *prima facie* evidence of a pattern or practice of persecution. *See Li Yong Cao*, 421 F.3d at 156 (noting that a motion to remand must establish an alien's *prima facie* eligibility for relief). Rather than evaluate Bao's evidence and adjudicate the pattern or practice claim ourselves, we think it is "the better" course to remand this aspect of Bao's petition to the BIA. *See Mufied v. Mukasey*, 508 F.3d 88, 91-93 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED in part, GRANTED in part, and REMANDED to the BIA for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any

6

pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk